UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHYLLIS FREEMAN<br>    Plaintiff, | :    CIVIL ACTION NO.: _____ |
| v. | |
| LIFE INSURANCE COMPANY<br>OF NORTH AMERICA D/B/A CIGNA,<br>    Defendant. | :    SEPTEMBER 8, 2021 |

## COMPLAINT

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.§§ 1001 et. seq. and section 1132(a)(1)(B).

2. This court has jurisdiction of this matter under 29 U.S.C. § 1132(e) and 28 U.S.C. 1331.

3. Plaintiff is a resident of the Town of Oakdale, state of Connecticut, and, at all times material, was an employee of Foxwoods Resort Casino located in Mashantucket, Connecticut, and a qualified participant in the Long Term Disability Plan ("the Plan"), an employee benefit plan within the meaning of 29 U.S.C. § 1002.

4. Defendant, Life Insurance Company of North America d/b/a Cigna (hereinafter "Cigna"), is a corporation organized and existing under the laws of the State of Delaware and is licensed and authorized to conduct business in the State of Connecticut. Said defendant is subject to the jurisdiction and venue of this Court.

5. The administration and operation of the Plan is performed jointly by the Mashantucket Pequot Tribal Nation d/b/a Foxwoods Resort Casino (designated as the "Plan Administrator") and Defendant, Cigna. Defendant Cigna is the administrator and fiduciaries of the Plan, actual and /or de facto, under ERISA.

6. On or about May 9, 2017, the plaintiff ceased employment with the Mashantucket Pequot Tribal Nation as an Upholsterer due to physical and mental disabilities.

7. Since May 9, 2017, the plaintiff has been continuously disabled and unable to work. Consequently, plaintiff made an application for disability benefits through the disability plan made available by defendant through her employment with Foxwoods Resort Casino.

8. The defendant granted the plaintiff's application and provided disability benefits. The defendant then denied the plaintiff's Long Term Disability benefits upon review of the plaintiff's conditions after 24 months of paying benefits.

9. On or about December 22, 2020, the defendant denied disability benefits, even though the plaintiff was found incapable of performing the duties of her regular occupation. The defendant determined the plaintiff could perform the job functions of two occupations: Industrial Order Clerk (Dictionary of Occupational Titles (DOT) 221.367-022), and Dispatcher (DOT 239.967-014). The defendant's decision failed to consider the plaintiff's age as well as plaintiff's spine condition, which required extensive medical treatment, including a bilateral discectomy, laminectomy, and instrumented fusion on September 2, 2020. The defendant failed to consider all of plaintiff's physical disabilities and erroneously concluded that plaintiff could perform these two occupations. The denial of plaintiff's claim for benefits was arbitrary, erroneous, not made in good faith, unsupported by substantial evidence, and in violation of the provisions of ERISA.

10. Plaintiff appealed the denial determinations made by the defendant. Said appeal was denied on January 22, 2021. Therefore, plaintiff has exhausted all administrative remedies available to her under the Plan.

11. In the denial of the plaintiff's appeal, the defendant found the plaintiff could not perform any occupations from September 2, 2020 through January 1, 2021, but, from April 18, 2020 through September 1, 2020 and January 1, 2021 through present, the defendant

found that the plaintiff could perform the following sedentary positions: Industrial Order Clerk (DOT 221.367-022) and Gate Guard (DOT 372.667-030). On its face, the decision is faulty because the Gate Guard position is not a sedentary position. The defendant's appeal decision clearly contradicted the denial of benefits determination of December 22, 2020, seemingly taking into consideration the plaintiff's condition after spine surgery on September 2, 2020, but the appeal decision arbitrarily determined that the plaintiff had no restrictions with sitting after January 1, 2021. In addition, the appeal decision failed to take into consideration the plaintiff's age and ability to learn new tasks, which is reflected in the high Specific Vocational Preparation (SVP) value for the Industrial Order Clerk position. The appeal decision of January 22, 2021 essentially deprived the plaintiff of rights under the defendant's policy, breached the contract provisions and was arbitrary and capricious, erroneous, not made in good faith, unsupported by substantial evidence and in violation of the provisions of ERISA.

WHEREFORE, PLAINTIFF prays for the following:

    a. Contract damages pursuant to the policy

    b. Reasonable costs

    c. That Defendants be ordered to pay Plaintiff disability benefits

    d. Reasonable attorney's fees

THE PLAINTIFF, PHYLLIS FREEMAN

BY_____
Lorenzo J. Cicchiello, ct09277
Her Attorney
Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
860.886.9300  phone
860.886.5963  fax
lorenzo.cicchiello@yahoo.com